JS 44 (Rev. 12/12)          CIVIL COVER SHEET     14   2005

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
Winter Chatman
2255 Satellite Boulevard, I-208
Duluth, GA 30097

**(b)** County of Residence of First Listed Plaintiff: Gwinnett County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)* Brad J. Tabakin, Esq.
Galerman, Tabakin & Wolfe, LLP
261 Old York Rd., P.O. Box 645
Jenkintown, PA 19046

### DEFENDANTS
Phila. Museum of Art and City of Phila.
2600 Benjamin Franklin Parkway   1515 Arch St., 14th Fl.
Phila., PA 19130             Phila., PA 19102

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine |  | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** |  | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act |  | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee |  | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 555 Prison Condition |  |  |  |
|  | ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

### V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332(a)(1) and 28 U.S.C. 1391(a)(2)

Brief description of cause: Premises Liability

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes   ☐ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE          DOCKET NUMBER

DATE: 4-1-14
SIGNATURE OF ATTORNEY OF RECORD: /s/

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

APR 3

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 2255 Satellite Boulevard, I-208, Duluth, GA 30097

Address of Defendant: 2600 Benjamin Franklin Parkway and 1515 Arch Street, 14th Floor, Phila., PA 19102 Phila., PA 19130

Place of Accident, Incident or Transaction: 2600 Benjamin Franklin Parkway, Philadelphia, PA
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒

RELATED CASE, IF ANY:
Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☒ Other Personal Injury (Please specify) Premises Liability
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Brad S. Tabakin, Esquire, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 4-1-14     _____     # 65649
                  Attorney-at-Law              Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4-1-14     _____     # 65649
                  Attorney-at-Law              Attorney I.D.#

CIV. 609 (5/2012)

APR 3 2014



**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

<u>**CASE MANAGEMENT TRACK DESIGNATION FORM**</u>

Winter Chatman : CIVIL ACTION
v. :
Philadelphia Museum of Art :
and City of Philadelphia : NO. 14 2005

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. (✓)

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( )

4/4/14     Brad S. Tobakin, Esquire
**Date**     **Attorney-at-law**     **Attorney for** plaintiff

215-885-4701     215-885-4780     brad@galtablaw.com
**Telephone**     **FAX Number**     **E-Mail Address**

(Civ. 660) 10/02

APR 3 2014





**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WINTER CHATMAN<br>2255 Satellite Boulevard, I-208<br>Duluth, GA 30097<br><br>          Plaintiff<br><br>v.<br><br>PHILADELPHIA MUSEUM OF ART<br>2600 Benjamin Franklin Parkway<br>Philadelphia, PA 19130<br>   and<br>CITY OF PHILADELPHIA<br>Risk Management Division<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102<br><br>          Defendant | NO: 14   2005<br><br>COMPLAINT AND JURY DEMAND |



## CIVIL ACTION COMPLAINT

1. Plaintiff, Winter Chatman, is an adult individual residing at 2255 Satellite Boulevard, I-208, Duluth, Georgia 30097.

2. Defendant, Philadelphia Museum of Art (hereinafter referred to as "Museum") is a corporation or other business entity authorized and existing under the laws of the Commonwealth of maintaining its principal place of business located at 2600 Benjamin Franklin Parkway, Philadelphia, Pennsylvania 19130.

3. Defendant, City of Philadelphia (hereinafter referred to as "City"), is a municipal entity created and existing under the laws of the Commonwealth of Pennsylvania maintaining an office for acceptance of service at 1515 Arch Street, 14th Floor, Philadelphia, Pennsylvania 19107.

## JURISDICTION

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1332(a)(1) in that "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States".

5. Venue over this action is appropriate in this matter pursuant to 28 U.S.C. 1391(a)(2), in the Eastern District of Pennsylvania in that it is where a substantial part of the events or omissions giving rise to the claim occurred.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

6. Plaintiff avers and incorporates by reference, paragraphs one (1) through five (5) as though same were fully set forth herein.

7. At all times material to this Civil Action, Plaintiff, Winter Chatman, was a business invitee at Defendant, Museum, located at 2600 Benjamin Franklin Parkway, Philadelphia, Pennsylvania.

8. At all times relevant and material to this Civil Action, Defendants, Museum and City, jointly and/or severally, owned, controlled, operated, and/or maintained the premises located at 2600 Benjamin Franklin Parkway, Philadelphia, Pennsylvania, including, but not limited to, the sidewalks, walkways, entrances and/or steps adjacent to and a part thereof of the said premises.

9. At all times material hereto, Defendants, Museum and City, jointly and/or severally, acted or failed to act by and through their agents, servants, workmen and/or employees who were then and there acting within the scope of their authority and course of their employment with Defendants, Museum and City, jointly and/or severally, in furtherance of its business and on its behalf.

10. On or about April 12, 2012, at or about 10:00 A.M., Plaintiff, Winter Chatman, was a pedestrian lawfully walking on the Northwest terrace to the rear of Defendants' herein,

jointly and/or severally, premises at 2600 Benjamin Franklin Parkway, Philadelphia, Pennsylvania, when suddenly and without warning she was caused to trip, slip and fall due to a dangerous and defective condition, that being broken or uneven paver/slate walkway causing the Plaintiff, Winter Chatman, to sustain severe and grievous injuries hereinafter more fully set forth.

11. The aforesaid incident was due to the negligence and carelessness of Defendants, Museum and City, jointly and/or severally, and was due, in no way whatsoever, to any act and/or failure to act on the part of Plaintiff, Winter Chatman.

12. The negligence and carelessness of Defendants, Museum and City, jointly and/or severally, consisted of the following:

a.) allowing and causing a dangerous and defective condition to exist on the aforesaid premises, which Defendants knew, or should have known, by the exercise of reasonable care;

b.) failing to correct said dangerous and defective conditions of which Defendants knew, or should have known, and which constituted a danger to pedestrians lawfully thereon, especially Plaintiff herein;

c.) failing to keep and maintain the aforesaid premises in a reasonably safe condition for use by pedestrians, especially Plaintiff herein;

d.) failing to give warning or notice of the existence of the dangerous and defective condition of the said premises to pedestrians, especially Plaintiff herein;

e.) failing to provide and maintain a safe and proper route of travel for Plaintiff and other persons lawfully upon the premises;

f.) disregarding the rights and safety of Plaintiff;

g.) failing to inspect said premises at reasonable intervals in order to determine the condition thereof;

h.) failing to exercise due care under the circumstances;

i.) failure to repair, fix or cure the aforesaid dangerous condition;

j.) violating the applicable ordinances, statutes, codes and/or building codes of the City and County of Philadelphia and/or Commonwealth of

Pennsylvania; and

k.) Negligence at law.

13. As a result of the negligence and carelessness of Defendants herein, jointly and/or severally, Plaintiff, Winter Chatman, was caused to sustain multiple bruises, contusions and nerve damage, of, but not limited to, her neck, left shoulder, knees, left hip, left foot and head, which injuries have, in the past, and will, in the future, cause Plaintiff great pain and suffering, a serious impairment of her bodily functions and which are or may be permanent in nature.

14. As a further result of this accident, Plaintiff, Winter Chatman, has been, or will be, required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses described in 42 C.S.A. Section 8553(c)(3) for the injuries suffered, the cost or reasonable value of which currently equals or exceeds $1,500.00 and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

15. As a further result of this accident, Plaintiff, Winter Chatman, has suffered medically determinable physical and/or mental impairment which prevents her from performing all or substantially all of the material acts and duties which constituted the Plaintiff's usual and customary activities prior to the accident.

16. As a direct and reasonable result of the accident aforementioned Plaintiff, Winter Chatman, has or may hereafter incur other financial expenses which do or may exceed amounts which she may otherwise be entitled to recover, all to her great detriment and loss, which currently equal or exceed $19,150.00.

17. As a further result of the accident aforementioned, Plaintiff, Winter Chatman, has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

**WHEREFORE**, Plaintiff, Winter Chatman, demands judgment against Defendants, Museum and City, jointly and/or severally, in her favor, in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), together with compensatory damages, interest, costs of suit,

attorney's fees, and any other damages allowed by law.

                                GALERMAN, TABAKIN & WOLFE, LLP

BY: _____
                  BRAD S. TABAKIN, ESQUIRE
                  brad@galtablaw.com

BY: _____
                  RICHARD A. WOLFE, ESQUIRE
                  rich@galtablaw.com

                  261 Old York Road, Suite 416
                  Post Office Box 645
                  Jenkintown, PA  19046
                  215-885-4701
                  215-885-4780 (fax)

                  Attorneys for Plaintiffs